IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SHIRLEY MARIE TRENT, )
)
        Plaintiff, )
)
v. ) Civil Action No. 3:21-cv-710–HEH
)
VIRGINIA COMMONWEALTH )
UNIVERSITY, )
)
        Defendant. )

## MEMORANDUM OPINION
(Dismissing the Amended Complaint)

THIS MATTER is before the Court on *pro se* Plaintiff Shirley Marie Trent's ("Plaintiff") Amended Complaint filed on January 18, 2022. (Am. Compl., ECF No. 4.) By Memorandum Order, on January 12, 2022, the Court granted Plaintiff's Motion for Leave to Proceed *in forma pauperis* and directed the Clerk to file her Complaint. (ECF No. 2.) The Court, however, found that Plaintiff's allegations were wholly incredible, and dismissed the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) but gave Plaintiff leave to file an amended complaint with thirty days. (*Id.*) Plaintiff filed her Amended Complaint, but the allegations remain clearly baseless and frivolous. Therefore, the Court will dismiss Plaintiff's Amended Complaint with prejudice. 28 U.S.C. § 1915(e)(2)(B)(i).

It is well established that district courts must liberally construe a *pro se* litigant's complaint. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). Courts, however, need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* Nor does the

requirement of liberal construction excuse a clear failure in the pleadings to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). As the Fourth Circuit explained in *Beaudett v. City of Hampton*, "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." 775 F.2d 1274, 1276 (4th Cir. 1985).

Congress enacted the federal *in forma pauperis* statute, 28 U.S.C. § 1915, in part, to help district courts avoid the burden of baseless litigation. Under that statute, district courts have the authority to review and dismiss a complaint prior to filing. *See* 28 U.S.C. § 1915(e)(2); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (stating that dismissals under § 1915 are often "*sua sponte* . . . to spare prospective defendants the inconvenience and expense of answering complaints." (citation omitted)). The first permissible basis for dismissing an *in forma pauperis* complaint is if the complaint is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). As used in the statute, "frivolous or malicious" means that the complaint "lacks an arguable basis either in law or fact." *Neitzke*, 490 U.S. at 325. Thus, a district court's determination that a complaint is frivolous can hinge upon baseless factual allegations or erroneous legal conclusions within the pleading.

The review of factual allegations under § 1915 is broader in scope than under Rule 12(b)(6). *See id.* at 327 ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations. . . . [Section 1915] accords judges

. . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."). However, review under § 1915 must be weighed in the plaintiff's favor and "cannot serve as a factfinding process for the resolution of disputed facts." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Further, "[a]n *in forma pauperis* complaint may not be dismissed . . . simply because the court finds the plaintiff's allegations unlikely." *Id.* at 33. Rather, to warrant dismissal, the allegations in the complaint must be "clearly baseless," to the point of being "fantastic" and "delusional." *Id.* at 33 (quoting *Neitzke*, 490 U.S. at 327, 328). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. Finally, the determination of whether a complaint's factual allegations are frivolous under § 1915 is within the district court's sound discretion. *Id.*

Plaintiff's Amended Complaint consistently parrots the same allegations as her original Complaint but with *fewer* details. (Am. Compl.) She alleges that Virginia Commonwealth University ("Defendant" or "VCU") implanted a medical device into her body without her consent. (Am. Compl. at 4.) She believes that this medical device deformed and weakened her body and that VCU somehow uses the device to violate her privacy rights or use her "on their computers." (*Id.* at 3–4.)

Based on these allegations, Plaintiff brings a claim under the Fourth Amendment and "Intrusion of Solitude/Privacy Rights." (*Id.* at 3.) Plaintiff does not explain how VCU violated the Fourth Amendment or her privacy rights beyond the bare assertion that

3

VCU implanted a medical device into her body. Without more, the Court finds the facts alleged in the Amended Complaint "rise to the level of the irrational" and are "wholly incredible" to the point of being frivolous. *See Denton*, 504 U.S. at 33. Thus, the allegations are clearly baseless, and the case should be dismissed.

The Court further believes that any further attempt by Plaintiff to amend her pleadings would be futile. Consequently, Plaintiff's Amended Complaint will be dismissed with prejudice. The Court certifies that an appeal *in forma pauperis* would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and therefore, Plaintiff's *in forma pauperis* status will be revoked for the purpose of appeal.

"Because a § 1915[(e)(2)(B)(i)] dismissal is not a dismissal on the merits, but rather an exercise of the court's discretion under the *in forma pauperis* statute the dismissal does not prejudice the filing of a paid complaint making the same allegations." *Denton*, 504 U.S. at 34. This dismissal, however, could trigger *res judicata* if Plaintiff files additional *in forma pauperis* petitions. *Id.*

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: March 14, 2022
Richmond, Virginia